MITCHELL et al. v. COLORADO FUEL & IRON CO. et al.

(Circuit Court, D. Colorado. August 19, 1902.)

No. 4,330.

1. PRELIMINARY INJUNCTIONS.

A preliminary injunction will not be granted where, upon the hearing of the motion, it is not apparent that the ultimate determination of the suit in favor of the complainant is reasonably probable.

2. CORPORATIONS—BY-LAWS—INJUNCTION.

The statutes of Colorado authorize the directors of corporations, if the certificate of incorporation so provides, to make such prudential by-laws as they deem proper for the management of the corporation. A certificate of incorporation gave the directors power to make such by-laws, and one was adopted which on its face appeared merely a provision for an orderly method of conducting shareholders' meetings. A bill alleged that the by-law was passed to enable a packing of a shareholders' meeting to enable numerous holders of small amounts of stock to outvote complainants, etc., and it was prayed that the by-law be declared void. These allegations were denied. Held, that on a motion for a preliminary injunction the by-law would not be declared void.

3. SAME—PRELIMINARY INJUNCTION.

Mills' Ann. St. Colo. § 481, relative to corporations, provides that all elections shall be by ballot, and each stockholder shall be entitled to as many votes as he owns shares of stock in said company. Act Colo. April 14, 1893, provides that the corporation shall keep a book containing the names of all stockholders, number of shares held by each, etc. A corporation failed to keep such book, and certain stockholders applied for a preliminary injunction restraining the corporation from making any decision save in accordance with the majority vote of stockholders as shown by the list of holders of stock as certified by a certain trust company as transfer agent, and by a certain other trust company as registrar. Held, that a contention that, owing to the absence of the book required by the act of 1893, the court should grant the injunction prayed, was not tenable.

¶ 1. See Injunction, vol. 27, Cent. Dig. § 309.

**4. SAME—DISCRETION OF COURT.**

    A motion for a preliminary or provisional injunction is an appeal to the discretion of the court, which discretion ought not to be exercised except in a very clear case. The court is not bound at such stage of a case to decide doubtful and difficult questions of law or disputed questions of fact.

Action by John J. Mitchell and others against the Colorado Fuel & Iron Company and others. Motion for a preliminary injunction. Denied.

Wolcott, Vaile & Waterman, for complainants.

David C. Beaman, C. J. Hughes, Jr., and Cass E. Herrington, for defendants.

RINER, District Judge. After devoting the time necessary to make a careful examination of the bill of complaint, answer, and affidavits, 1 am unable to do more than state briefly the conclusions reached by the court, without going at length into the reasons upon which those conclusions are based.

This is an application for a preliminary injunction. In disposing of the questions presented, I shall disregard the order adopted by counsel in their argument, and notice first the objections raised to the by-law adopted by the board of directors on the 30th day of July, 1902. The bill asks that this by-law be declared and decreed by the order and judgment of the court to be fraudulent, and absolutely void and of no effect as against the complainants, and each of them, and the shareholders represented by them by proxies. As a basis for this portion of their prayer for relief, complainants allege upon information and belief, in an amendment to their bill, that it is the purpose and intention of the defendants to control the shareholders' meeting, and to dictate the action taken thereat, by depriving certain stockholders there present, and especially the complainants, not only of the right to vote upon the temporary organization, but to deprive such shareholders of the right to vote in the temporary organization of said meeting in accordance with the number of shares of stock held by them, respectively; and that it is the purpose and intention of these defendants to pack the meeting of shareholders with such number of individual holders of small amounts of stock as shall in number of persons outnumber the complainants and those associated with them at such meeting. It is further alleged that, in pursuance of a conspiracy to in this unlawful manner control the meeting, they, shortly before the closing of the books of the company, caused to be transferred upon the transfer books five shares of common stock to eighteen different persons, residents of Colorado, many of whom were employés of the defendant the Colorado Fuel & Iron Company, and all of whom are in sympathy with the individual defendants in their effort to control the organization of the company and to perpetuate the administration of the existing officers. It is further alleged that David C. Beaman, secretary of the company, acting in collusion with his codefendants, "has given out and claimed" that one of the complainants—Arthur J. Singer—had not established his right to vote at said meeting, for the reason that he had not shown

that his name was entered in the stock book required by the statute of the state of Colorado to be kept by the secretary. The same allegation is made as to William N. Vaile. And they further complain that they had no notice of the adoption of the said by-law by the board of directors on the 30th day of July, 1902. So far as this motion is predicated upon the alleged fraudulent action of the directors in adopting this by-law, the complainants should not, in the opinion of the court, prevail, upon the facts as they appear upon the hearing. The rule is well settled that an injunction will not be granted where, upon the hearing of the motion, it is not apparent that the ultimate determination of the suit in favor of the complainant is reasonably probable. The allegations of the complaint in relation to the purposes for which this by-law was adopted are fully met and denied by the defendants in their answer, which is under oath. The statutes of Colorado expressly authorize the directors, if the certificate of incorporation so provides, to make such prudential by-laws as they deem proper for the management of the affairs of the company, not inconsistent with the laws of the state, "for the purpose of carrying on all kinds of business within the objects and purposes of such company." In the case of this company the certificate of incorporation expressly confers this authority upon the directors. The by-law here complained of was, so far as the evidence discloses, adopted at a regular meeting of the board of directors. Three of these complainants were members of this board. Under the by-laws as then in existence, no notice of regular meetings of the board was required. Upon its face the by-law seems to do nothing more than provide for an orderly and lawful method of conducting a shareholders' meeting; and the defendants under oath say in their answer that they had no other object or purpose in view. The matter of adopting by-laws for the government of corporations, and the manner in which their business shall be transacted, is a matter so much of discretion that the court should interfere only in a plain case of abuse. The law has confided to the board of directors the power to determine, within reasonable bounds, of course, what by-laws are necessary for the government of the corporation; and while they act within their jurisdiction, and exercise their judgment on the matters confided to them in good faith, their acts are clothed with the authority of law. While the court may unquestionably prevent the effects of perversion or abuse, yet, so long as it is a mere question of discretion, depending upon the relative conveniences and facilities to effect the authorized objects, it is intrusted to the board of directors, whose honest and impartial judgment the court will not attempt to control. In the evidence before the court in this case it does not sufficiently appear that the directors acted in bad faith in adopting this by-law. They profess and say under oath in their answer that they have acted in the exercise of their discretion according to their judgment, and not from partiality or design to oppress the complainants or improperly favor others.

The court is further asked by this bill to enjoin the defendants from in any way hindering or obstructing the complainants in casting and having counted and considered votes of all shares of stock owned and

held by the complainants, either in person or by proxy, at the annual meeting of the Colorado Fuel & Iron Company, called for the 20th of August, 1902, or at any adjourned or special meeting called in place of said meeting heretofore called for the purpose of electing a board of directors of the company for the ensuing year. Also, that the defendants be restrained and enjoined from taking or declaring any action or decision, or the result of any vote, either in making the temporary or the permanent organization of such meeting, or upon any question, during either the temporary or permanent organization of such meeting, except upon and in accordance with the majority vote of the shareholders voting according to the number of shares by them respectively held, whether such vote be cast by the shareholder in person or by proxy, according to the number of shares and names of stockholders shown by the list of holders of the common stock and preferred stock in said company, as certified by the Knickerbocker Trust Company, as transfer agent, and countersigned by the Atlantic Trust Company, as registrar, of the Colorado Fuel & Iron Company. Further, that the defendants, and each of them, and all persons acting under them or in association with them at any such regular or special meeting of the shareholders, be restrained and enjoined from refusing to accept and receive the votes, whether cast or offered in person or by proxy, of persons so certified to be shareholders, on the ground that the names have not been entered on a book kept by the secretary or clerk of said the Colorado Fuel & Iron Company, or because such book has not been made or kept under the order of the board of directors of said company or the secretary thereof. Further, that the defendants, and each of them, be restrained and enjoined, whether such defendant be acting as an officer of said company or of any such meeting, or otherwise, from receiving or counting, or permitting to be received or counted, or considered votes offered at such meeting upon any election, proposition, question, or matter whatsoever by any person being or pretending to be a stockholder of said company, save according to the number of shares of stock in said company shown by said lists, and certified and countersigned by the transfer agent and registrar of said company, respectively. This prayer of the bill calls for a brief examination of the statute of Colorado approved April 14, 1893. By that act, which is an amendment of the corporation laws of the state, it is made the duty of the directors of all corporations except railway and telegraph companies to cause a book to be kept by the secretary or clerk containing the names of all persons, alphabetically arranged, who are, or shall within one year have been, stockholders of the corporation, and showing their place of residence, number of shares of stock held by them respectively, and the time when they respectively became the owners of said shares, and the time when they ceased to be stockholders, the amount of stock actually paid in, and what proportion had been paid in cash. The statute further provides that this book shall be open for inspection of the stockholders and creditors of the company and their personal representatives at the office or principal place of business of the company in the county where its business operations are located, giving the right to the

stockholder to make extracts from the books, requiring transfers to be entered therein within 60 days to be valid, and providing a penalty for the failure upon the part of the officer charged with this duty for neglecting to keep the book, or refusing to allow the same to be inspected and extracts to be taken therefrom, as provided by the statutes. It was conceded at the argument by both sides that the directors of this company had failed and neglected, until the 13th day of the present month, to comply with the requirements of this statute, and that they caused no such book as the statute contemplates to be kept by the secretary or clerk of the board; and it was argued that, because they had failed and neglected to comply with the requirements of this statute, it becomes the duty of the court to declare by its decree that the list of holders of common and preferred stock certified by the trust company, transfer agent, and countersigned by the registrar, contains a list of all the stockholders entitled to vote at such annual meeting. The court is unable to adopt this view of the case. Section 481, Mills' Ann. St., provides, among other things, as follows: "All elections shall be by ballot, and each stockholder shall be entitled to as many votes as he owns shares of stock in said company." Whether or not the effect of the act of 1893 would be to deprive a stockholder, who had failed to have the transfer of stock entered in the book therein provided for within the 60 days, of his right to vote, it is unnecessary in this case to determine, for the reason that the board of directors have wholly failed in their duty by neglecting to require the secretary or clerk to keep such a book. A motion for a preliminary or provisional injunction is always an appeal to the discretion of the court. This discretion, however, ought not to be exercised except in a very clear case. The court is not bound at this stage of the case to decide doubtful and difficult questions of law or disputed questions of fact, nor to exercise this high and dangerous power (if exercised rashly) in a doubtful case, and before the defendants have an opportunity for a full and fair hearing.

The allegations of the bill that the defenda `s are conspiring together for the purpose of continuing and retaining their control of the corporate organization of the company, in violation of the rights of the complainants, by depriving certain shareholders, especially the complainants, of the right to vote, are, in my judgment, fully met by the answer and denied under oath.

The motion for a preliminary injunction will be denied.

