## UNITED STATES v. ZUKAUCKAS.

(District Court, E. D. Pennsylvania. October 27, 1923.)

Nos. 2851, 2853, 2855, 2857, 2859, 2861.

1. **Injunction ⬅147—Court cannot pass on credibility of witnesses testifying by affidavit on motion for preliminary injunction.**

In order that a judge or a jury may pass on the credibility of witnesses it is necessary that they be present in court for examination and for opportunity of observing their manner and appearance on the witness stand, and the court cannot determine relative credibility of witnesses testifying by affidavit on motion for preliminary injunction.

2. **Injunction ⬅147—Preliminary injunction not granted, where evidence is balanced, unless to prevent irreparable injury.**

Where the evidence is evenly balanced on affidavits, the court will not grant a preliminary injunction, unless it is shown that irreparable injury will result to complainant from its denial if he finally prevails, without material consequent injury to defendant if he finally prevails.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Intoxicating liquors ⬷275—Preliminary injunction against nuisance held not warranted by showing.**

> On motion for preliminary injunction under Prohibition Act, tit. 2, § 22, to abate a nuisance it cannot be made to appear "to the satisfaction of the court" that the nuisance exists by affidavits alone, where the acts charged are explicitly denied by counter affidavits.

In Equity. Suits by the United States against one Zukauckas, against one Capugo, against one Putnick, against one Schaffstall, against one Comminetto, and against one Fox. On motions for preliminary injunctions. Denied.

G. W. Coles, U. S. Dist. Atty., and Robert V. Bolger, Asst. U. S. Dist. Atty., both of Philadelphia, Pa.

A. D. Knittle, R. A. Freiler, J. H. Rothstein, A. L. Shay, and C. A. Snyder, all of Pottsville, Pa., for defendants.

THOMPSON, District Judge. In these cases, bills in equity were filed to restrain nuisances alleged to be maintained by the several defendants in violation of title 2, § 21, of the Volstead Law (41 Stat. 314). They are now before the court upon motions for preliminary injunctions, in support of which affidavits have been filed on behalf of the United States and answering affidavits for the defendants. No witnesses were called.

The affidavits have been carefully examined. Every material charge in the bill and every material fact set out in the government's affidavits in each case is specifically and generally denied in the answering affidavits. The only evidence presented, therefore, is in the form of affidavits; those on the one hand charging certain facts, and those on the other hand denying those facts, thus leaving the case evenly balanced upon the evidence. The Assistant District Attorney who argued the case urged quite strenuously, first, that the court should believe the facts set out in the government's affidavits and disbelieve those in the defendants' affidavits.

[1] That contention relating, as it did, to the credibility of witnesses not called before the court was apparently abandoned as untenable, as there was no reference to it in the brief, since presented, and it is not supported by practice, reason, or authority. In order that a judge or a jury may pass upon the credibility of witnesses, it is necessary that they be present in court for examination and for opportunity of observing their manner and appearance upon the witness stand.

[2] The second contention is that the government would suffer irreparable injury if the injunctions were not granted, and the defendants no material injury thereby. Where the state of the record shows the evidence evenly balanced upon affidavits, a court of equity will not issue an injunction unless it is shown that irreparable injury will result to the plaintiff, if he finally prevails in his case through its denial, without material consequent injury to the defendant if he finally prevails. The grounds upon which the claim of irreparable injury to the government is based are, as stated in the District Attorney's brief, that:

"Experience has shown that the criminal proceedings authorized under the National Prohibition Act are not sufficient in themselves to enforce

fully the provisions of the Eighteenth Amendment. Individuals, by ruse and indirect dealing, evade responsibility for violations of the act, while at the same time they enjoy the fruits of the illicit trade."

Further:

"For the court to give sufficient final relief, as is prayed for in this bill, to wit, closing these buildings for one year or alternative relief as set forth in the act, the defendant and property must continue to remain subject to prosecution of the court at all times until such order is rendered. In other words, the situation as it now exists must be preserved in statu quo until the final hearing."

This proposition was argued at considerable length.

It must be conceded that it is notorious that the prohibition law is being flagrantly and persistently violated. Every available agency of the federal, state, and municipal governments should, to the extent of their lawful powers, co-operate to break down the existing, widespread defiance of the law which has become a scandal to law-abiding people. In this exigency, however, the courts may apply the remedies invoked according to the law and not in violation of the law. The judge who may be swayed by public clamor to depart from the orderly and established processes of the law and to discriminate against an individual charged with an offense, because it is notorious that such offenses are being committed by a large number of individuals, will not be administering justice impartially in accordance with his solemn oath of office.

The suits here are not against the violators of the prohibition law collectively, but each bill is against a separate named individual. The facts alleged not only constitute a nuisance, but constitute a crime. If the individual were being tried criminally, he would be presumed to be innocent. In the present cases, to deprive the defendants, without hearing their witnesses, of the right to dispose of their property upon disputed facts set out merely by affidavit, would subject them, if innocent of the acts charged, to a very substantial and serious injury and, upon reflection, would shock the sense of justice of every right thinking person who believes in the fair and impartial administration of the law.

[3] Title 2, § 22, of the Volstead Law, directs that, if it be made to appear by affidavits or otherwise, to the satisfaction of the court, that such nuisance exists, a temporary writ of injunction shall forthwith issue. The issuing of the injunction is nowhere made dependent upon irreparable injury to the United States in the manner suggested by the Assistant District Attorney, but is made dependent upon the court being satisfied by affidavits or otherwise that the particular nuisance, which is the subject of suit, exists. The intent and meaning of the language "by affidavits or otherwise" is that the parties may produce evidence otherwise than by affidavits; that is to say, by the calling of witnesses or production in evidence of documentary or other exhibits properly proved at the hearing.

In the present cases, the government did not attempt to prove its case by witnesses, but relied exclusively upon its affidavits and the defendants upon theirs. With the defendants' affidavits directly contradicting those of the government, it cannot be said that it has been by

these affidavits made to appear to the satisfaction of the court that the nuisance exists.

In a recent case, in which an injunction restraining a nuisance was issued in this court by Judge McKeehan, the testimony of witnesses was taken in open court. Also, in cases in which similar relief was recently granted by Judge Witmer of the Middle District of Pennsylvania, it was proved to the satisfaction of the judge that the nuisances existed not only by affidavits but otherwise; that is to say, by the testimony of witnesses heard in open court.

In the present cases, the motions for preliminary injunctions are denied upon the ground that the government has not produced the necessary proof to satisfy me that the nuisances exist as charged. In a few days the cases will, in the ordinary course, be ripe for final hearing, and the questions involved can then be determined by testimony from the mouths of the witnesses.