GENERAL ELECTRIC CO., a Corporation, Plaintiff-Appellee,

v.

AMERICAN WHOLESALE CO., a Corporation, Defendant-Appellant.

No. 11712.

United States Court of Appeals
Seventh Circuit.

Oct. 12, 1956.

Victor Newmark, Joseph Keig, Sr., Chicago, Ill., for appellant.

Cyrus Mead, III, Hamilton K. Beebe, Herman L. Taylor, Chicago, Ill., Essington, McKibbin, Beebe & Pratt, Chicago, Ill., of counsel, for appellee.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Following litigation in the district court, on March 15, 1955, plaintiff and defendant entered into a contract whereby defendant agreed that it would not thereafter willfully or knowingly advertise or sell any product of General Electric Company at retail at less than the minimum price then or thereafter stipulated therefor, in violation of plaintiff's fair trade agreements and the Fair Trade law of the State of Illinois, Chap. 121½, § 188 et seq., Ill.Rev.Statutes. On January 25, 1956, plaintiff filed its verified complaint in the district court seeking an injunction to restrain defendant from violating the agreement or the Fair Trade Act, averring that since the date of the contract, defendant had willfully and knowingly advertised and offered for sale and sold plaintiff's fair trade products at retail at less than the minimum prices stipulated, in violation of the agreement and the Illinois Statute. Attached to the complaint were the affidavits of two purchasers of plaintiff's fair trade products. Upon the complaint, the affidavits of the purchasers, the verified answer of defendant and an affidavit and exhibits submitted by defendant, the court entered an order for a temporary injunction. From this judgment defendant appeals.

As we have said, in its application for a temporary injunction, plaintiff relied upon two affidavits of purchasers, each of whom had bought from defendant a General Electric steam iron. Each swore that she had, upon inquiry of defendant for information as to her proposed use of the iron, replied that she was buying it for her own use. Plaintiff offered no other evidence of willful and knowing violation by defendant of its contractual obligations. Defendant filed a verified answer denying that it had knowingly and willfully sold plaintiff's fair trade products at retail at less than the minimum

prices in violation of the agreement between the parties, and averring that each of the two sales had been made inadvertently by a temporary employee without any intention upon the part of defendant to disregard the agreement. In addition, it filed the affidavit of its president, who stated that he had issued standing instructions to defendant's employees that if an order was received showing that the purchased article was for resale it might be approved for shipment, but that if the order did not contain such limitation, it should be "held up" and the company's fair trade form letter sent out; that the annual business of defendant aggregated sales of three million dollars, a relatively large portion of which was made in the months of September, October, November and December of the year; that in order to handle said abnormally large output, defendant had been required to hire 175 temporary employees and some 60 temporary part-time employees; that the two orders of which complaint was made originally had come into the hands of one of defendant's regular employees, who thereupon had made the prescribed inquiry. The replies of the purchasers that the article was being purchased for "personal use", he reported, had come to the hands of an untrained and temporary employee, who, either through ignorance, inadvertence or disobedience, overlooked the instructions issued by defendant. The affiant attached exhibits reflecting careful consideration given to orders for General Electric appliances and averred that he and all his staff had done everything reasonably and prudently possible to avoid making sales in violation of the agreement, and that defendant did not intend to disregard the provisions of the Illinois Act, but intended to continue maintenance of fair trade prices. The complaint, answer, affidavits and exhibits constituted all the evidence. Yet, upon this documentary evidence, the court found that plaintiff had willfully and knowingly offered for sale and sold at retail "one or more of said products at prices lower than the minimum retail prices established by plaintiff"; and that said acts have caused and threaten to continue to cause irreparable damage to plaintiff.

The propriety of the issuance of a preliminary injunction, of course, is to be determined by the rules and decisions of federal courts. Black & Yates v. Mahogany Ass'n, 3 Cir., 129 F.2d 227; Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Rules 52(a) and 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Under those rules there is no question but that the grant of a preliminary injunction is the exercise of very far-reaching power "never to be indulged in except in a case clearly demanding it." Warner Bros. Pictures v. Gittone, 3 Cir., 110 F.2d 292, 293. In the cited case the court concluded at page 293: " * * * we think that a preliminary injunction should not have been granted upon evidence largely in the form of affidavits * * *. The evidence was conflicting and the trial judge, in order to enable him to resolve these conflicts, should have been afforded the opportunity of testing the credibility of the witnesses by having the benefit of their cross-examination and, if possible, their presence in court. In the absence of such opportunity the affidavits of each side were entitled to equal weight." An injunction *pendente lite* should not issue where the parties are in serious dispute on conflicting question of fact. Sneider v. Transcontinental & Western Air, D.C., 79 F.Supp. 339, at page 341; New York Asbestos Mfg. Co. v. Ambler Asbestos Air-Cell Cov. Co., 3 Cir., 102 F. 890; Barker Painting Co. v. Brotherhood of Painters, 3 Cir., 15 F. 2d 16. As said in Murray Hill Restau-

rant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578, where the plaintiff chooses to support its motion solely by affidavits and neither the trial court nor the defendants are offered an opportunity to observe the plaintiff's witnesses or to cross-examine them, it is the rule, subject to few exceptions, that a preliminary injunction should not be awarded on *ex parte* affidavits except in a very clear case. It has been held that conflicting affidavits do not justify a preliminary injunction in the absence of oral testimony, Great Northern Ry. Co. v. Brosseau, D.C., 286 F. 414, at page 416; that where the equities of a bill are denied fully and explicitly under oath, a court should not usually issue a temporary injunction, but should allow the matter to await final hearing; Behre v. Anchor Ins. Co. of New York, 2 Cir., 297 F. 986; and that if the evidence is evenly balanced on affidavits, a preliminary injunction should not be granted, United States v. Zukauckas, D.C., 293 F. 756. On an application for preliminary injunction the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact. Doyne v. Saettele, 8 Cir., 112 F.2d 155; Mitchell v. Colorado Fuel & Iron Co., 8 Cir., 117 F. 723; Decorative Stone Company v. Building Trades Council, 2 Cir., 13 F.2d 123, certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005. Where averments of affidavits are conflicting, the conflicts should be resolved by oral testimony. Sims v. Greene, 3 Cir., 161 F.2d 87. If the facts stated in the defendant's affidavit are not disputed, a preliminary injunction should not be granted. Stanley Co. v. Lagomarsino, 2 Cir., 49 F.2d 702, at page 703. If the matter is presented on affidavits, the contents of all of them are entitled to equal weight. General Talking Pictures Corp. v. Stanley Co., 3 Cir., 42 F.2d 904.

So here, plaintiff was entitled to no relief unless it proved to the satisfaction of the trial court that defendant had knowingly and willfully violated its contract. That crucial question of fact was hotly contested, the plaintiff showing two isolated sales of an electric iron; defendant, that the two sales had been made by inadvertence by an inexperienced employee, that the acts were not knowingly or willfully done, and that it had every intention of observing the contract and the Illinois Fair Trade Act. As in the cases cited, the court could not well appraise the credence of the persons making the affidavits. Neither party had the opportunity to cross-examine the persons who made them and the extraordinary remedy of injunction was issued solely upon the conflicting affidavits submitted.

We are of the opinion that an injunction should not have issued until and unless the court had the opportunity to determine questions of credence essential to a finding of where the truth lay. Accordingly, the judgment is reversed.