The LECTROETCH COMPANY,
Plaintiff,

v.

The ELECTROMARK CORP., Defendant.

Civ. No. 33370.

United States District Court
N. D. Ohio, E. D.

March 6, 1957.

Edwin E. Donnelly, Jr., Oberlin & Limbach, Cleveland, Ohio, for plaintiff.

Bruce B. Krost, Woodling & Krost, Cleveland, Ohio, for defendant.

PAUL JONES, Chief Judge.

Defendant moves the court for orders dismissing the first and third causes of action.

If a commercial organization chooses to adopt as its emblem a term descriptive of the function of a product of the firm, then such organization should not complain if its competitors adopt names equally descriptive. A generic term cannot be monopolized, and "Lectro" and "Electro" are generic terms. They describe the means by which articles are marked or etched. Again, the registration of a common word gives the registrant no monopoly on the use of synonyms of that word. It is obvious that no reasonable mind could actually assume that "Lectroetch" products are manufactured by the same concern that manufactures "Electromark" products. A look at page 293 of the current Cleveland Telephone Directory discloses more than thirty separate companies that use the prefix "Electro" in their names.

■■ While it is true that evidence of actual confusion on the part of the general public has some probative value in determining infringement, it has such value only if the conflicting marks are such that reasonable minds might so confuse them. It is clear that the marks "Lectroetch" and "Electromark" could not reasonably cause confusion as to the manufacturer of articles so marked.

The first cause of action will be dismissed.

■ It appears clear that plaintiff's claim of unfair competition is joined with a substantial claim under the copyright laws and thus should be permitted to stand. The motion as to the third cause of action is denied.