**DYMO INDUSTRIES, INC., Plaintiff-Appellant,**

v.

**TAPEPRINTER, INC., Defendant-Appellee.**

**No. 18629.**

United States Court of Appeals Ninth Circuit.

Jan. 6, 1964.

McCutchen, Black, Harnagel & Shea, G. Richard Doty, and Oakley C. Frost, Los Angeles, Cal., Gardner & Zimmerman, and Harris Zimmerman, Oakland, Cal., and Hoppe & Mitchell, and Carl Hoppe, San Francisco, Cal., for appellant.

Adele I. Springer, and J. Calvin Brown, Los Angeles, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and MURRAY, District Judge.

PER CURIAM.

Appellant brought suit below charging patent infringement, registered trademark infringement and unfair competition, and immediately moved, supported by affidavits, for a preliminary injunction against the alleged trademark infringement and unfair competition pending a final determination of the case. The alleged patent infringement is not involved in the motion for preliminary injunction. Appellee filed counter affidavits, and the motion for preliminary injunction was submitted on the affidavits and exhibits attached thereto. The District Court, "finding that there is great doubt as to whether or not the plaintiff has the exclusive right to use the word 'TAPEWRITER'", denied the motion, and this appeal is from that denial.[1]

On June 6, 1961, Registration No. 716,-443 was issued to appellant by the United States Patent Office for the trademark TAPEWRITER for a hand plastic and metal tape embossing machine which it manufactured and marketed, based upon the actual adoption of said trademark and its continuous use commencing June 20, 1960. Appellant alleges that it has spent hundreds of thousands of dollars

---

1. Jurisdiction of the District Court is conferred by 28 U.S.C. § 1338. Jurisdiction of this Court is based on 28 U.S.C. § 1292(a) (1), this being an appeal from an order denying an injunction.

promoting and advertising said TAPE-WRITER and has built up a valuable good will and property right in said trademark.

In February, 1963, appellee commenced manufacturing and marketing a hand plastic and metal tape embossing machine similar to appellant's product under the name of TapePrinter, and it is the manufacture and sale of this machine under the name of TapePrinter which appellant contends infringes its registered trademark, and against which it seeks the preliminary injunction.

■ The granting or withholding of a preliminary injunction rests in the sound discretion of the court. B. W. Photo Utilities v. Republic Molding Corp., 280 F.2d 806, (CA 9—1960). Appellant, however, urges that the District Court abused the discretion by failing to apply applicable standards of law in arriving at its finding "that there is great doubt as to whether or not the plaintiff has the exclusive right to use the word 'TAPE-WRITER' ", and in refusing to issue the preliminary injunction.

■■ Appellant points out that under 15 U.S.C.A. § 1057(b), a part of the Lanham Trademark Act, the registration of a trademark by the Patent Office is prima facie evidence of its validity. However, 15 U.S.C.A. § 1119, also a part of the Lanham Trademark Act, provides that in any action involving a registered mark, the court may determine the right to registration. A registered trademark may be cancelled by direct attack as prescribed by the statute, and it may also be collaterally attacked in any action where the validity of the mark is properly in issue. Sylvania Electric Products v. Dura Electric Lamp Co., 247 F.2d 730, 732 (CA 3—1957). In other words, the statutory presumption of validity simply casts the burden of proof on the one who questions the validity of a registered trademark.

■ From the record before us, we think the appellee has taken a sufficient stride toward meeting the burden of proving invalidity cast upon it by the statutory presumption that we cannot say there was an abuse of discretion by the District Court in finding, in effect, that there is great doubt as to the validity of the trademark. This is particularly so in light of the fact the case is before us on denial of a preliminary injunction. The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it. General Electric Co. v. American Wholesale Co., 235 F.2d 606, 608 (CA 7—1956). This last mentioned case also points out, citing numerous authorities, that on application for preliminary injunction the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact.

At the threshold of this case is the doubtful and difficult question of whether or not the mark TAPEWRITER is so descriptive of a product that writes on plastic and metal tapes as to make it ineligible for registration. 15 U.S.C.A. § 1052 (e); Restatement of the Law of Torts, Sec. 715. Next, there is some evidence of prior third party use of the mark in question, which upon further development may disclose the mark was not subject to registration. In these circumstances the District Court did not abuse its discretion in finding there is great doubt as to whether appellant is entitled to exclusive use of the trademark TAPE-WRITER.

■ While the lower court based its denial of the preliminary injunction on the doubt as to the validity of the trademark, it could likewise, in its discretion, have denied the injunction on the insufficiency of the showing of the confusion of the competing products in the market, and on the insufficiency of the showing of irreparable loss and damage to appellant, as a result of the alleged infringement. We think the record sustains the denial of a preliminary injunction on these additional grounds, and would perhaps require the reversal of an order granting the preliminary injunction had one been made.

Affirmed.