ASBURY TRANSPORTATION CO., a corporation, and Cantley & Tanzola, Inc., a corporation, Plaintiffs,

v.

The UNITED STATES of America and the Interstate Commerce Commission, Defendants.

Civ. No. 64-1452-S.

United States District Court
S. D. California,
Central Division.

Nov. 23, 1964.

Russell & Schureman, by Theodore Russell, Los Angeles, Cal., for plaintiff Cantlay & Tanzola, Inc.

Knapp, Gill, Hibbert & Stevens, by Warren Grossman, Los Angeles, Cal., for plaintiff Asbury Transp. Co.

Thomas R. Sheridan, U. S. Atty., and Wm. B. Spivak, Jr., Asst. U. S. Atty., for defendants.

Max Eddy Utt, Charles H. Phillips and Arthur Glanz, Los Angeles, for Allyn Transp. Co., intervenor.

Before BARNES, Circuit Judge, and THURMOND CLARKE and ALBERT LEE STEPHENS, Jr., District Judges.

PER CURIAM.

On October 21, 1964, plaintiffs filed their complaint to suspend, enjoin, annul and set aside order of The Interstate Commerce Commission pursuant to the

provisions of 28 U.S.C. §§ 1336, 1398, 2284 and 2321–2325, 49 U.S.C. §§ 17(9), 305(g) and 5 U.S.C. § 1009. This case is a proper one to be heard and determined by a District Court of three Judges convened pursuant to the provisions of 28 U.S.C. §§ 2284 and 2321. On October 21, 1964, upon ex parte motion, the Honorable Thurmond Clarke issued a Temporary Restraining Order and Order to Show Cause returnable on the 3rd day of November, 1964, at 2:00 P. M. in Courtroom No. 6. On October 29, 1964, the Honorable Richard H. Chambers, Chief Judge of the Ninth Circuit issued an order designating the Honorable Stanley N. Barnes, United States Circuit Judge for the Ninth Circuit, and the Honorable Thurmond Clarke and Honorable Albert Lee Stephens, Jr., United States District Judges for the Southern District of California, to constitute a three-Judge Court to hear and determine this cause.

On November 3, 1964, the Order to Show Cause came on regularly for hearing before the Honorable Thurmond Clarke and Honorable Albert Lee Stephens, Jr. The Honorable Stanley N. Barnes was not present. Russell & Schureman, by Theodore Russell, appeared for plaintiff Cantlay & Tanzola, Inc., and Knapp, Gill, Hibbert & Stevens, by Warren Grossman, appeared for plaintiff Asbury Transportation Co. Thomas R. Sheridan, United States Attorney, and Wm. B. Spivak, Jr., Assistant United States Attorney, appeared for defendants. By stipulation between the parties, the matter was continued to November 6, 1964, at 10:00 A.M. in Courtroom No. 6, the Temporary Restraining Order to continue in effect.

On November 6, 1964, the matter came on regularly for hearing before the Honorable Stanley N. Barnes, Circuit Judge, and Honorable Thurmond Clarke and Honorable Albert Lee Stephens, Jr., District Judges. The appearances for the parties were the same as shown above. Allyn Transportation Co. appeared as Intervenor by its attorneys, Max Eddy Utt, Charles H. Phillips and Arthur Glanz, leave of Court having been previously obtained. After oral argument, the matter was taken under submission.

On the merits, this action involves a complaint requesting permanent injunctive relief against an order of the Interstate Commerce Commission dated April 21, 1964. The order was issued after hearings and a decision of an examiner. Twenty-one common carriers sought authority to transport "cryogenic materials" consisting of liquefied hydrogen, liquefied oxygen and liquefied nitrogen, in bulk, in tank vehicles, between production plants, missile sites, and missile test facilities located in two geographical areas of the United States. One of the areas involved service to such facilities in thirty states, while the other involved such service to eleven states.

After the initial hearings, the examiner recommended that the plaintiffs and five other carriers be issued certificates for the thirty-state area. In addition, the examiner recommended that Allyn Transportation Co., intervenor in this case, be granted a certificate for service of the eleven-state region and that all other applications be denied.

Exceptions taken by plaintiffs were heard before Division One of the Interstate Commerce Commission. The recommendations of the examiner were not followed. The Commission decided that public convenience and necessity only required the services of plaintiffs in the thirty-state area and of the intervenor in the eleven-state area. Since the Commission found that the applications were intended to encompass only service to missile sites, production plants and missile test facilities, it restricted the authority to such operations. In "interpretative findings" the Commission decided that the three cryogenic materials involved could be transported under existing certificates covering "liquid chemicals" and "compressed gases."

Plaintiffs contend that the findings will not support the order to issue a certificate in favor of intervenor for service to the eleven-state area. In addition, plaintiffs contest the validity of

the interpretative findings referred to above.

The issue before this Court is the propriety of the issuance of a preliminary injunction to restrain the Interstate Commerce Commission from granting a Certificate of Public Convenience and Necessity to intervenor, Allyn Transportation Co. pending a decision on the merits. The parties do not dispute the facts stated above. The sole issue before the Court on the petition for preliminary injunction is whether the plaintiffs will suffer irreparable harm if a preliminary injunction is not granted.

The argument of plaintiffs on the issue of irreparable harm proceeds in three steps:

1. There is a legal and actual distinction between an "order" of the Commission authorizing the issuance of a Certificate of Public Convenience and Necessity and the certificate itself.

2. The Court is empowered by law to set aside "orders" of the Commission, but that authority does not include the power to nullify Certificates of Public Convenience and Necessity.

3. Once the certificate has been issued, it may not be revoked except as authorized by the Interstate Commerce Act, Section 212(a), 49 U.S.C.A. § 312(a), unless it is established that the same was secured by fraud, misrepresentation, or for the correction of a clerical error.

Thus, plaintiffs conclude, if the preliminary injunction does not issue, the Court will be deprived of jurisdiction to give plaintiffs redress in the event of a decision in their favor on the merits. If failure to grant the preliminary injunction does not oust the Court of jurisdiction to determine the controversy and to recall the certificate of necessity if it is unlawfully issued, no irreparable harm will be suffered.

■ 1. There is a formal difference between an order and a certificate. The cases cited for this proposition merely support 49 U.S.C.A. § 312(a), which sets forth the procedure under which the Interstate Commerce Commission may suspend, revoke or transfer certificates. In Watson Bros. Transportation Co. v. United States, D.C., 132 F.Supp. 905, affirmed per curiam, 350 U.S. 927, 76 S.Ct. 302, 100 L.Ed. 810 (1956), it was held that an existing Certificate of Public Convenience and Necessity could not be changed by the Commission without notice and hearing as set out in 49 U.S.C. § 312(a).

2. Plaintiffs next argue that this Court has no power to invalidate a Certificate of Public Convenience and Necessity once issued. Three statutes are cited in support of this contention, 28 U.S.C.A. § 2321, 49 U.S.C.A. § 17(9) and 49 U.S.C.A. § 305(g). The combined effect of the cited statutes is to provide procedure for review of orders of the Commission. There is no provision for a review of the certificates issued pursuant to such orders, but there is no limitation placed on the jurisdiction of the Court to review the orders of the Commission which have resulted in the issuance of a certificate and to take whatever action may be appropriate respecting the certificate itself.

Plaintiffs cite United States v. Seatrain Lines, Inc., 329 U.S. 424, 67 S.Ct. 435, 91 L.Ed. 396 (1947). The citation fails entirely to support plaintiffs' argument. Along with other cases cited by plaintiffs, this case holds that the Interstate Commerce Commission had no authority to cancel a Certificate of Public Convenience and Necessity except as specifically authorized by Congress.

■ 3. The substance of plaintiffs' argument is contained in their third point. It is their contention that a certificate cannot be revoked except as provided in 49 U.S.C.A. § 312(a). It is contended that this statute is a limitation on the Court's power of review. Because of plaintiffs' reliance on this statute, it is set out below:

"312. *Suspension, change, revocation and transfer of certificates, permits, and licenses*

"(a) Certificates, permits, and licenses shall be effective from the date specified therein, and shall remain in effect until suspended or terminated as herein provided. Any such certificate, permit, or license may, upon application of the holder thereof, in the discretion of the Commission, be amended or revoked, in whole or in part, or may upon complaint, or on the Commission's own initiative, after notice and hearing, be suspended, changed, or revoked, in whole or in part, for willful failure to comply with any provision of this chapter, or with any lawful order, rule, or regulation of the Commission promulgated thereunder, or with any term, condition, or limitation of such certificate, permit, or license: *Provided, however,* That no such certificate, permit, or license shall be revoked (except upon application of the holder) unless the holder thereof willfully fails to comply within a reasonable time, not less than thirty days, to be fixed by the Commission, with a lawful order of the Commission, made as provided in section 304(c) of this title, commanding obedience to the provision of this chapter, or to the rule or regulation of the Commission thereunder, or to the term, condition, or limitation of such certificate, permit, or license, found by the Commission to have been violated by such holder: *And provided further,* That the right to engage in transportation in interstate or foreign commerce by virtue of any certificate, permit, license, or any application filed pursuant to the provisions of sections 306, 309, or 311 of this title, or by virtue of the second proviso of section 306(a) of this title or temporary authority under section 310a of this title, may be suspended by the Commission, upon reasonable notice of not less than fifteen days to the carrier or broker, but without hearing or other proceedings, for failure to comply, and until compliance, with the provisions of sections 311(c), 317(a), or 318 (a) of this title or with any lawful order, rule, or regulation of the Commission promulgated thereunder". 49 U.S.C.A. § 312(a).

A reading of the statute leads this Court to the conclusion that it was intended as a limitation on the power of the Interstate Commerce Commission. It nowhere includes the Courts as subject to its limitation. Further support for this conclusion lies in the cases cited by plaintiffs. Not one of them dealt with the power of the Court on review and all of them dealt with the power of the Commission. See American Trucking Association, Inc. v. Frisco Transportation Co., 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958). Section 312(a) makes the issuance of the certificate the "final step in the administrative process." See American Trucking Association, Inc. v. Frisco Transportation Co., supra at p. 146, 79 S.Ct. at p. 177. This is not to say that it is the final step in the judicial process of review.

Though this Court has been given no express authority by statute to set aside a Certificate of Public Convenience and Necessity, it should be clear that the certificate would necessarily be of no effect if the order on which its issuance rested were invalid. The Court would neither issue nor revoke the certificate. Congress has only granted the power of review over orders of the Commission. But however the judgment affects the order of the Commission, the certificate is commensurately affected and the Court's power over the certificate is implicit in the congressional grant of review of the Commission's order that a certificate issue.

The grant of a preliminary injunction is the exercise of a very far-reaching power, never to be indulged in except in a case clearly warranting

it. Dymo Industries, Inc. v. Tapeprinter, Inc., 326 F.2d 141, 143 (C.A. 9th, 1964); General Electric Co. v. American Wholesale Co., 235 F.2d 606, 608 (C.A. 7th, 1956). Plaintiffs' contention that they will be irreparably damaged if the preliminary injunction is not issued, is not supported by the record and the argument.

This Memorandum of Decision shall substitute for Findings of Fact and Conclusions of Law as provided in the Federal Rules of Civil Procedure, Rule 52 (a).

It is ordered and adjudged that the plaintiffs' motion for preliminary injunction be and the same is hereby denied.