**HOLINONE, INC.**

v.

**INTERNATIONAL HOLE–IN–ONE CLUB, INC.**

Civ. A. No. 71–H–1063.

United States District Court,
S. D. Texas,
Houston Division.

Nov. 30, 1971.

Garrett R. Tucker, Jr., and Ronald Palmer, Baker & Botts, Houston, Tex., S. Leslie Misrock, James G. Foley and George F. Long, III, Pennie, Edmonds, Morton, Taylor & Adams, Peter J. Unger, New York City, for plaintiff.

B. R. Pravel, Pravel, Wilson & Matthews, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

BUE, District Judge.

This suit is brought by plaintiff for service mark and trademark infringement and for unfair competition. Defendant has counterclaimed for cancellation of plaintiff's registration of his mark "The Hole-In-One Club", alleging that such registration was unlawfully granted, in that the combination of words so registered are merely descriptive and are not susceptible to registration, 15 U.S.C. § 1119.

Plaintiff's claims arise under the trademark laws of the United States, 15 U.S.C. §§ 1114(1) and 1125(a), and under the state common law of unfair competition. Jurisdiction is conferred under 28 U.S.C. §§ 1332 and 1338 and 15 U.S.C. § 1121; venue is proper under 28 U.S.C. § 1391(c).

This case is presently before the Court on plaintiff's application for a preliminary injunction restraining defendant from using the mark and name International Hole-In-One Club, Inc., in connection with the various services offered by defendant incident to the conducting and sponsoring of golfing events and related goods and services.

Plaintiff, operating under the trade name Holinone, Inc., has been offering since 1969 various services to golfers, which services are identified as to origin by the registered service mark "The Hole-In-One Club". These services include, to members of the Club, free rounds of golf at various resorts and hotels, a golfing newsletter, a free "19th hole" party for members making a hole-in-one on approved courses, and a two-week vacation for a hole-in-one golfer. The defendant, a Texas corporation organized subsequently in the summer of 1971 and operating as the "International Hole-In-One Club", began offering almost the identical services to the public as does the plaintiff. Additionally, the defendant has solicited the same resorts and clubs that now subscribe to plaintiff's services.

The award of a preliminary injunction is an extraordinary remedy which will not be granted except upon a clear showing of probable success and the possibility of irreparable injury, Clairol Incorporated v. The Gillette Company, 389 F.2d 264 (2d Cir. 1968). Thus, the first consideration is whether plaintiff's trade or service mark, "The Hole-In-One Club", which is admittedly registered prior in time to defendant's mark, is a mark capable of registration; that is, one which is worthy of protection under the trademark laws.

A word or combination of words, to be validly registrable, must be either unique "fanciful or coined" words rather than merely descriptive words, or if descriptive, must have acquired a secondary meaning, Clairol Incorporated v. The Gillette Company, 389 F.2d 264, 269 (2d Cir. 1968); Lectroetch Company v.

Electromark Corp., 149 F.Supp. 647 (N. D.Ohio 1957). Generic words or words in the general vocabulary receive less protection under the law simply because such words should not be unduly limited, Miss Universe, Inc. v. Patricelli, 408 F. 2d 506, 509 (2d Cir. 1969); Safeway Stores, Inc. v. Safeway Properties, Inc., 307 F.2d 495, 498 (2d Cir. 1962).

In the context in which they are used, the words "hole-in-one club" appear to be descriptive. Not only are "hole-in-one" and "club" dictionary words of general use and knowledge, especially to golfers (to whom both plaintiff and defendant direct their services and advertising), they are additionally descriptive to a degree of the services performed by both parties. See, e. g., defendant's Exh. # 3, which described a similar organization, The Aces Only Club, as a "national hole-in-one club", Golf and Club, vol. 3, Nov. 1971, at 11.

The Court is not unaware that the defendant's choice of an organization name so similar to that of the plaintiff was deliberate and undoubtedly made with the expectation of a ride on the coat-tails of a successful venture. Sensibilities aside, however, the Court cannot find that plaintiff's likelihood of proving that the words in issue here are rightfully subject to exclusive appropriation is so great as to warrant injunctive relief. The Court is cognizant of the statututory presumption of validity of plaintiff's registered mark. The presumption is rebuttable, however, and the defendant has sufficiently met the burdens imposed upon him to render the granting of a preliminary injunction unwise and inappropriate in this instance. Dymo Industries, Inc. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). It follows that the denial of injunctive relief in this proceeding is based upon the insufficiency of the showing of irreparable loss and damage to the plaintiff, and factually this includes a failure to demonstrate any such loss flowing from the ensuing confusion of the competing entities in the market place.

This ruling in no way precludes plaintiff from a full exposition of its allegations at a subsequent trial on the merits.

Accordingly, plaintiff's application for a preliminary injunction is denied.