**Ashton JONES, Appellant,**

v.

**BOARD OF REGENTS OF the UNIVERSITY AND STATE COLLEGES OF ARIZONA, Douglas Paxton, et al., Appellees.**

No. 21755.

United States Court of Appeals
Ninth Circuit.

June 13, 1968.

S. Leonard Scheff (argued), Tucson, Ariz., for appellant.

Gary K. Nelson (argued), Phoenix, Ariz., for appellees.

Before JERTBERG, BROWNING and ELY, Circuit Judges.

PER CURIAM:

Before us is an interlocutory appeal from the order of the district court denying appellant's prayer, contained in his amended complaint, for an injunction pendente lite to restrain the members of the Board of Regents of the University and State Colleges of Arizona, and one Douglas Paxton, from preventing or interfering with appellant's exercising of his freedom of speech and other constitutional guarantees while on the University of Arizona campus, and that they be commanded to protect the person of the appellant while on the University of Arizona campus in a manner reasonably necessary to allow the exercise of his freedom of speech and other constitutional guarantees.

In the amended complaint, appellant also seeks a permanent injunction and damages in the amount of $10,020.00. The amended complaint predicates jurisdiction of the district court under 28 U.S.C. § 1343.

Basically, the amended complaint alleges that appellant's rights, conferred by the First and Fourteenth Amendments of the Constitution, and by the provisions of 42 U.S.C. § 1983, were violated.

It is to be borne in mind that the appeal before us is not one from a final judgment after trial, or from a summary judgment finally disposing of the case. It is here on an appeal from an order denying appellant's prayer for a preliminary injunction pendente lite, following a hearing on an order to show cause issued to the appellees.

The law is well-settled that the granting or withholding of a preliminary injunction rests in the sound judicial discretion of the trial court. See Maas v. United States, 125 U.S.App.D.C. 251, 371 F.2d 348 (1966); Dymo Industries, Inc. v. Tapeprinter, Inc., 326 F.2d 141 (9th Cir. 1964); B. W. Photo Utilities v. Republic Molding Corporation, 280 F.2d 806 (9th Cir. 1960).

We have examined the record and cannot say that the district court abused its discretion in denying the appellant's prayer for a preliminary injunction.

Accordingly, we affirm the order of the district court, and suggest that the trial of the cause on the merits be expedited. We further suggest that court and counsel give consideration to the applicability of the provisions of 28 U.S.C. § 2281 to this cause.