474 P.2d 833

STATE of Arizona, ex rel., Justin HERMAN, Director, Arizona Highway Department, Appellant,

v.

ELECTRICAL DISTRICT NO. 2 OF PINAL COUNTY, Arizona, a body corporate, Appellee.

Supreme Court of Arizona, In Banc.

Sept. 24, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, by Stanley Z. Goodfarb and Robert V. Kerrick, Asst. Attys. Gen., for appellant.

Lewis, Roca, Beauchamp & Linton, by John P. Frank and John A. Miller, Phoenix, for appellee.

LOCKWOOD, Chief Justice:

This case is before us on a petition to review a decision of the Court of Appeals (12 Ariz.App. 222, 469 P.2d 114) reversing a decision of the superior court. Decision of the Court of Appeals vacated, and judgment of the superior court affirmed.

The matter was heard by the court without a jury. The complaint was

in eminent domain praying for title to the land needed to widen a public road. Defendant, Electrical District #2 of Pinal County, hereinafter referred to as ED, claimed a vested interest in part of the land to be condemned. It was stipulated that the cost of moving the power lines and poles was approximately $16,000; that ED would move them; and that the sole issue in the case would be whether the state should reimburse ED for the moving costs.

In 1913 the Pinal County Board of Supervisors declared all section lines in the county to be public roads. However there is no evidence to show that the Board further complied with the requirements of the Code to establish roads on these section lines at that time. The road involved in this lawsuit has been in existence since 1920 or earlier, at which time it was an unimproved dirt road. It runs along the section lines from Casa Grande, east to Interstate Highway #10 a distance of about two and one-half miles. In 1919 Pinal County approved a bond issue which included over $172,000 to improve this road. In 1920 the County Engineer had a map of the county roads recorded with the County Recorder and the map included the road in question. In the same year the road was rebuilt by raising the grade and adding gravel topping. At that time the right of way was shown to be sixty feet (thirty feet on each side of the section lines).

On November 1, 1921 a petition to establish the Florence-Casa Grande Road was signed and filed with the county board of supervisors, and on the following December 1, road viewers were appointed and rendered their report which appears in the minutes of the county board of supervisors, and contains the statement that " * * * this right of way is procured." On January 22, 1922 the board declared the road a public highway and this declaration appears in its minutes. In November and December 1922 a signed petition was submitted to the board, road viewers were appointed, a report was made, and the road was declared to be a public highway. The

road also appears upon a U.S.G.S. quadrangle map of the area, for 1922.

In 1923, pursuant to A.R.S. §§ 30–501 et seq., ED was organized. Later that year, and in 1924, ED erected its power lines on the shoulder of the road, off of the traveled portion, but within its sixty foot right of way. ED, in erecting its lines, thought that it had the right to do so under A.R.S. § 30–549 which gives electrical districts the right to use rights of way of public highways, subject to limitations imposed by boards of supervisors. When the lines were strung in 1923–24 everyone thought that all of the requirements of § 5057 of the laws of 1913 had been met when the Pinal County Board of Supervisors in 1922 declared the road to be a public highway.

It appears to be undisputed and the trial court found, that the acts required of the board by that statute were not followed in several particulars, including failing to record the map with the county recorder. The technical defects in the procedure were remedied by a curative act in 1927, and by recording the map in 1929. In 1961 the road was taken into the state system and is now State Route 287.

Since territorial days we have consistently held that:

" * * * public highways are such only as come within the express provisions of the statute declaring them to be such, while private ways are such as are laid out by authority of law, * * * In Arizona, public highways can only be established in a manner provided by statute and cannot be established by prescriptive use." Old Pueblo Transit Co. v. Arizona Corporation Commission, 84 Ariz. 389, 329 P.2d 1108.

It is therefore clear that the failure to complete all legal requirements, prevented the road from being established as a public highway at the time ED's lines were erected. With the addition of power lines, ED became a trespasser. Up until the curative act of 1927 the county had no right to object to the presence of ED on land in which neither had any interest. The farm-

ers who owned the underlying land never objected to either the road or the power lines, and no doubt were delighted to have the benefits of both. When the county legally acquired the road by the curative act in 1927, and later completed the necessary legal formality of recording the map in 1929 it was faced with the fact that the ED lines were in place years before the road was properly acquired by the county. The state, of course, acquired its rights from the county when it took the road into the state road system.

The state recognizes in its brief that "* * * if the utility's lines were first on private land, by easement or otherwise, and then the road came into being, such utility's rights are superior and relocation must be paid for." However, it argues that ED "is trying to take advantage of a technical error in the establishment of a public highway to gain an advantage they would otherwise not have, had the county board of supervisors properly done its paper work." We know of no law which prohibits a litigant from taking advantage of a "technicality" which is legally effective.

The state argues that as a general rule, A.R.S. § 30–549, gives utilities no vested rights to maintain their lines on public highway rights of way. In the instant case, however, ED's right to maintain its lines come from its prior presence on the land, and not from A.R.S. § 30–549.

In Sanitary District # 1 of Pima County v. State, 1 Ariz.App. 45, 399 P.2d 179, it was held that an exception to the general rule exists where the line was there before the dedication of the street or the acquisition of the road by the public body making the road improvement. In our opinion that is a correct statement of the law.

It follows that this right must be paid for in any proceeding by which the state attempts to condemn the land to widen the road. By stipulation, the compensation has been set at the price of moving the lines outside the new right of way.

The decision of the Court of Appeals is vacated and the judgment of the superior court is affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND, and HAYS, JJ., concur.