694 P.2d 831

**FINANCIAL ASSOCIATES, INC., an Arizona corporation, Allan J. Norville and Alfena A. Norville, husband and wife, Plaintiffs/Appellants,**

v.

**HUB PROPERTIES, INC., a California corporation, Defendant/Appellee.**

**No. 2 CA–CIV 5284.**

Court of Appeals of Arizona, Division 2.

Dec. 18, 1984.

---

**544**

Miller & Pitt, P.C. by Robert A. Fortuno, Tucson, for plaintiffs/appellants.

Davis, Eppstein & Hall, P.C. by Alan L. Stein, Tucson, for defendant/appellee.

## OPINION

BIRDSALL, Chief Judge.

This appeal was taken from the trial court's denial of appellants' request for a preliminary injunction to enjoin the appellee from installing a sewer line across appellants' property.

Appellants own a shopping center on the northeast corner of the intersection of Broadway and Kolb Road in Tucson. Appellants sold a building pad to appellee for the construction of a retail clothing store. Construction on the store began in October of 1984. Appellee's construction crew planned to begin excavating a trench on November 5 for the purpose of constructing a sewer line running from the building pad to a sewer drain on appellants' property. On November 2, appellants obtained a temporary restraining order preventing the construction of the line along with an order to show cause why a preliminary injunction should not be issued for the same relief. A

show cause hearing on the preliminary injunction was held on November 9. The trial judge granted appellee's motion to dissolve the temporary restraining order and gave as his reasons: 1) that the city has approved the plans presently being used by the appellee, 2) that alternate plans would likely be a violation of the Tucson Plumbing Code, and 3) that approval by the City Inspector's Office of the suggested proposal of the appellants that the connection be made in another manner was doubtful. Additionally, the court denied the preliminary injunction and expressly found that the same three reasons applied in addition to its finding that irreparable injury would not occur and that any damage could be rectified through the payment of money damages.

Appellants have presented two questions: 1) whether the trial court abused its discretion or erred as a matter of law in ruling that Section 313 of the Tucson Plumbing Code precludes a connection to the "stub out" on Building C (the alternative proposed by appellants) and is therefore a defense to appellants' request for injunctive relief, and 2) whether the trial court abused its discretion or erred as a matter of law in ruling that appellants would not suffer irreparable harm if the sewer line were constructed across their property.

Appellants assert that, instead of connecting appellee's drainage system to the sewer line on appellants' property which involves digging the trench across the shopping center parking lot, appellee must connect the system to the drain of Building C, a building immediately north of appellee's building, by way of a "stub out." Appellee disputes the existence of the "stub out," and, in any event, maintains that Section 313 of the Tucson Plumbing Code of the Uniform Plumbing Code would prohibit such a connection. Section 313 provides:

"The drainage system of each new building and of new work installed in any existing building shall be separate and independent from that of any other building and when available, every building

shall have an independent connection with a public or private sewer.

Exception: Where one building stands in the rear of another building on an interior lot, and no private sewer is available or can be constructed to the rear building through an adjoining court, yard or driveway, the building drain from the front building may be extended to the rear building."

■ The granting or withholding of a preliminary injunction rests in the sound discretion of the trial court. *Jones v. Board of Regents of University and State Colleges of Arizona*, 397 F.2d 259 (9th Cir.1968); *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir.1964). The scope of review on appeal of an order granting or denying an injunction is limited to the consideration of whether a clear abuse of judicial discretion has been shown. *American Credit Bureau, Inc. v. Carter*, 11 Ariz.App. 145, 462 P.2d 838 (1969); *County of Cochise ex rel. Riley v. Board of Supervisors of Cochise County*, 7 Ariz. App. 571, 442 P.2d 129 (1968). In *County of Cochise*, supra, Division One of this court found that it was more likely that an appellate court would find an abuse of discretion where a pendente lite injunction is granted than where it is denied. With these principles in mind, we have reviewed this record and find the appellants have not demonstrated a clear abuse of the trial court's discretion in refusing the injunctive relief.

■ Preliminarily, we note that appellants' representation of the first question presented does not accurately reflect the trial court's ruling. The trial court did not rule that Section 313 of the Tucson Plumbing Code precluded connection to the "stub out" on Building C. Rather, the court ruled that the city had already approved the plans which appellee was going to use calling for connection to the sewer line on appellants' property, that the alternate plan would *likely* be a violation of the Tucson Plumbing Code, and that the suggested proposal of the appellants that the connection be made to the "stub out" would be *doubtful for approval* by the City Inspector's Office. Those findings are supported by the evidence at the show cause hearing.

Mr. Cole, the plumbing contractor for appellee at the job site, testified that the alternate plan would likely be a violation of the Tucson Plumbing Code because in his opinion Section 313 would not permit appellee to connect to the alleged "stub out." He also noted that there was no other private sewer line in existence for appellee to connect its drain system to.

Mr. Rigas, the city plumbing inspector called by the appellants, testified that the site plan had already been approved, and that Section 313 would require the appellee to connect its drain system to the sewer on appellants' property by running a sewer line on the front of the adjacent Building C, and that this was the manner in which the city preferred drainage systems be connected to sewers. He did, as appellants point out, indicate that if the owner of the property would not grant appellee permission to connect its drainage system independently to the sewer, a "difficulty or hardship" situation would be involved and it would be up to the administrative authority to determine if the hardship or difficulty amounted to an exception to the requirements of Section 313. This further supports the trial court's finding that the city had already approved the plan being used by the appellee and that the alternate plan would likely be a violation of the Tucson Plumbing Code, with the granting of a hardship or difficulty waiver being a possibility. However, the trial court's finding that the appellants' proposal that the connection be made to the "stub out" was unlikely to be approved by the City Inspector's Office was supported by Mr. Cole's testimony that in his opinion Section 313 did not permit appellee to connect to the alleged "stub out," and by the testimony of Mr. Mascia, an architect, who stated that in his experience interpretations of the building code could be different from day to day and that whether the city would approve of his interpretation would be up to the building

official's judgment. We cannot say that the trial court abused its discretion in finding that the suggested proposal of the appellants would be "doubtful for approval" by the City Inspector's Office.

As to appellants' second point, that the trial court abused its discretion in ruling that injunctive relief would be improper because appellants would suffer no irreparable harm, we also find no abuse of discretion. Appellants cite cases dealing with continuing or repeated trespass for which injunctive relief is the only appropriate remedy. *Fairlawn Cemetery Association v. First Presbyterian Church, U.S.A. of Oklahoma City*, 496 P.2d 1185 (Okla. 1972); *Harrison v. Perry*, 456 P.2d 512 (Okla.1969) and *Legg v. Barinaga*, 92 Idaho 225, 440 P.2d 345 (1968), are all cases involving deprivation of enjoyment and use of property for a long or continuous period of time with the threat that the deprivation would continue unless enjoined. Here, the court was informed that the sewer line construction would take three or four days. Where an intrusion is a one-time event that does not threaten further or irreparable harm, the remedy of an injunction is not proper. *Marsh v. Walters*, 242 Or. 210, 408 P.2d 929 (1965). It is true that the sewer line installation will mean that the parking lot will have to be trenched, dirt will have to be stock piled, and the parking lot eventually repaved. It is conceivable that a disruption to the tenants of Building C and perhaps elsewhere in appellants' shopping center will result. However, in light of the fact that the property will be returned to its prior condition and the intrusion is of relatively short duration, the trial court did not abuse its discretion in finding that monetary damages would suffice and that injunctive relief was unnecessary.

Indeed, the original agreement between the appellants, to which appellee succeeded in conjunction with its purchase of the building pad, appears to contemplate such an intrusion by providing as follows:

> "In the event that any improvements including (without limitation) paving, curb cuts or landscaping within or about the Shopping Center or the Shopping Center Common Areas are disturbed or damaged by virtue of installation or maintenance of such Utility Services, FAI shall promptly cause such improvements to be restored to their original condition, and shall exonerate and indemnify Norville with respect to all costs and expenses incurred in connection therewith. Any and all work performed in connection with such installation and maintenance of Utility Services shall be performed at no cost or expense to Norville and in such a manner as to cause minimum disturbance in the use of the Shopping Center."

The trial court was presented with evidence that the parties originally contemplated a disturbance to the remainder of the tenants in the shopping center even if the parties were able to agree to the installation of utility easements. They agreed that appellants would be indemnified and exonerated from any costs and expenses incurred in connection therewith, thereby implying that monetary damages were within the parties' contemplation to correct the situation. Since we believe the trial court was presented with credible evidence that monetary damages would provide an adequate remedy, the court did not abuse its discretion in denying injunctive relief.

The court's findings were not arbitrary and were based on evidence before it at the show cause hearing. We find no abuse of the trial court's discretion in denying appellants' request for a preliminary injunction.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.