837 P.2d 1132

**Alan C. GOTLAND and Janet L. Gotland, husband and wife, Plaintiffs–Appellees,**

v.

**TOWN OF CAVE CREEK, Defendant–Appellant.**

**No. 1 CA–CV 89–562.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 10, 1991.

Review Granted in Part Sept. 25, 1992.

**398**

Dioguardi, Poli & Ball, Ltd. by James B. Ball, Phoenix, for plaintiffs-appellees.

Ryley, Carlock & Applewhite, P.A. by William E. Farrell, Phoenix, for defendant-appellant.

## OPINION

LANKFORD, Judge.

The Town of Cave Creek (Cave Creek) appeals from a denial of injunctive relief against Alan and Janet Gotland. Cave Creek sought the injunction to prevent the Gotlands from erecting a barricade blocking access to an unpaved section of Grapevine Road which traverses their property. Cave Creek had declared the road to be a public highway pursuant to Ariz.Rev.Stat. (A.R.S.) § 28–1861(B).[1]

The issue presented in this appeal is whether A.R.S. § 28–1861(B) unconstitutionally authorizes the taking without compensation of private property for creation of public highways.

### I.

In February, 1984, the Gotlands purchased property which included Grapevine Road. At the time of their purchase, gates that had been installed at an earlier date blocked the road at the boundaries of the Gotlands' property. In June, 1988, pursuant to a town council resolution, Cave Creek declared Grapevine Road to be a public highway in accordance with A.R.S. § 28–1861(B). A short time later, Cave Creek removed the gates blocking Grapevine Road.

Subsequently, the Gotlands filed a complaint for inverse condemnation which also

---

1. A.R.S. § 28–1861(B) provides: All highways, roads or streets which have been constructed, laid out, opened, established or maintained for ten years or more by the state or any agency or legal subdivision of the state prior to January 1, 1960, and which have been used continuously by the public as thoroughfares for free travel and passage for ten years or more, regardless of any error, defect or omission in the proceeding or failure to act to establish such highways, roads or streets, or in recording of the proceedings, and all such highways, roads or streets are declared public highways.

asserted a civil rights claim under 42 U.S.C. § 1983. They later moved for partial summary judgment arguing that A.R.S. § 28–1861(B) is unconstitutional because it permits a taking of their property without compensation in violation of the Arizona Constitution, Article II, § 17, and the Fourteenth Amendment to the U.S. Constitution.

Cave Creek filed a cross-motion for summary judgment contending that the statute is constitutional. The town argued that it was entitled to judgment because the Gotlands had conceded for purposes of the summary judgment motion that the statutory requirements for declaring the road a public highway had been met.

The trial court agreed that the statute was unconstitutional, granted partial summary judgment in favor of the Gotlands, and certified the judgment as appealable under Ariz.R.Civ.P. 54(b).

Cave Creek thereafter filed a notice of appeal in this court. Cave Creek also filed a special action in this court seeking review of the partial summary judgment. This court declined jurisdiction of the special action, noting that the appeal had been filed, and ordered the appeal expedited. This court, acting *sua sponte*, later dismissed the appeal for lack of jurisdiction under Rule 54(b) because the partial summary judgment merely disposed of one of Cave Creek's four asserted defenses; the order determined neither the merits of the remaining defenses nor the amount of damages to which the Gotlands would be entitled if Cave Creek were found liable for inverse condemnation.

The Gotlands replaced the gates that the town had removed and again blocked access to Grapevine Road. Cave Creek then applied for preliminary and permanent injunctions pursuant to Ariz.R.Civ.P. 65 to require that the Gotlands remove the barricades and refrain from any future interference with Grapevine Road.

After a hearing, ostensibly relating to both the requests for a preliminary and a permanent injunction, the trial judge denied Cave Creek's requests on several grounds. The court relied on the finding by the predecessor superior court judge who had entered partial summary judgment for the Gotlands in this action on the inverse condemnation claim. That judgment held that even if the terms of the statute were met, the statute nevertheless resulted in an unconstitutional taking without compensation. Therefore, the successor judge reasoned, the only genuine issue of material fact was the amount of damages to which the Gotlands were entitled. The court also found that Cave Creek had an adequate legal remedy in the form of eminent domain and that no vital public interest would be served by opening the road. Cave Creek now appeals from this order.

For reasons that will become apparent below, and in light of our finding that A.R.S. § 28–1861(B) is constitutional, we remand the case to the trial court.

## II.

■ This court has jurisdiction under A.R.S. § 12–2101(F)(2) to review the denial of the preliminary and permanent injunctions. The grant or denial of a request for an injunction lies within the discretion of the trial court. *Prudential Ins. Co. of America v. Pochiro*, 153 Ariz. 368, 736 P.2d 1180 (App.1987). *Ariz. Farmworkers v. Phoenix Veg. Dist.*, 155 Ariz. 413, 747 P.2d 574 (App.1986); *Financial Associates v. Hub Properties*, 143 Ariz. 543, 694 P.2d 831 (App.1984). On appeal, the scope of review is limited to whether a clear abuse of judicial discretion has been shown. *Id.* at 545, 694 P.2d at 833. An abuse of discretion exists "[w]here there has been an error of law committed in the process of reaching the discretionary conclusion," *Grant v. Arizona Public Service Co.*, 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982), or where the trial judge clearly erred in finding the facts or applying them to the legal criteria for granting injunctive relief. *Shoen v. Shoen*, 167 Ariz. 58, 62, 804 P.2d 787, 791 (App.1990).

■ A party seeking a preliminary injunction must establish the four traditional criteria for equitable relief: a strong likeli-

hood he will succeed at a trial on the merits; the possibility that he will suffer irreparable damages if the relief is not granted; a balance of the relative hardships favoring his position; and furtherance of public policy by issuance of the requested relief. *Id.* at 63, 804 P.2d at 792, citing *Justice v. Nat'l Collegiate Athletic Ass'n,* 577 F.Supp. 356, 363 (D.Ariz.1983); *Burton v. Celentano,* 134 Ariz. 594, 595, 658 P.2d 247, 248 (App.1982).

In the instant case, when the trial court consolidated the requests for preliminary and permanent injunctive relief and denied a *permanent* injunction, the four traditional factors to be considered in evaluating a request for preliminary relief were no longer relevant. The likelihood of success on the merits was no longer open to speculation once the court felt bound to accept the earlier decision by another superior court judge on the merits of the constitutional question. In other words, the court's conclusion that the statute was unconstitutional eliminated Cave Creek's hope of success on its cross-motion. Because we reach a contrary conclusion on the constitutional question, and because we find that Cave Creek may not have an adequate legal remedy available in condemnation if Grapevine Road is indeed a public highway, the trial court may be faced with a renewed request for preliminary and permanent injunctive relief.

### III.

■ The critical question in this case concerns the constitutionality of A.R.S. § 28–1861(B). The Gotlands assert that A.R.S. § 28–1861(B) allows the government to take private property without paying just compensation in violation of both the Arizona Constitution and the due process clause of the Fourteenth Amendment to the United States Constitution. The trial judge who ruled on the motion for partial summary judgment agreed. He found that even though the parties stipulated "that the roadway in question has been in use since the late 1800's, and without question has been opened, established, and maintained for 10 years or more by Maricopa County, Arizona, prior to January 1, 1960, and was used continuously by the public as a thoroughfare ... for at least 10 years," [2] the statute is unconstitutional because it takes property without providing compensation to the landowner. The Gotlands further assert that A.R.S. § 28–1861(B) is unconstitutional because under the statute a road could be set up without any official action on the part of the government.

We disagree. The statute does not necessarily preclude the property owner from obtaining compensation for his property; it merely defines a situation in which the property owner has lost his property rights by failing to preserve them from public use.[3]

A.R.S. § 28–1861(B) is similar to other statutes and to common law rules that define circumstances in which a landowner loses his right to real property. For example, the common law doctrine of adverse possession, legislatively enacted in Arizona, declares that a landowner loses his ownership rights if another actually, visibly, exclusively appropriates the land for a continuous period of ten years. A.R.S. § 12–521(A)(1); 526(A). *See, e.g., Register v.*

2. Although the trial court found the road met the statutory requirements for a public highway, that finding was based on the Gotlands' concession in their motion for partial summary judgment. That concession appears to have been made only in the context of that motion and only as a means of raising the constitutionality of the statute as a question of law. This concession does not necessarily bind the Gotlands on a cross-motion by Cave Creek or at a trial on the merits. Counsel for Cave Creek at the hearing on the injunctions admitted that the town had not "met [its] evidentiary burden" of proving the factual prerequisites to application of the statute, namely that the road was laid out ten years prior to 1960 and had been in continuous public use for ten years.

3. The legislative history of A.R.S. § 28–1861(B) bolsters our view of the statute's purpose. In the Minutes of the Senate Committee on Transportation (31st Legislature, 2d Regular Session (1974)), committee members specifically discussed the designated time period and whether it should be ten rather than seven years to comport with the time period necessary to create an easement by prescription. In fact, the committee then amended the statute to require that public use occur for a period of ten years.

*Coleman,* 130 Ariz. 9, 633 P.2d 418 (1981) ("adverse" connotes that one in possession of land claims exclusive rights thereto). Easements created by prescription provide another example. A prescriptive easement exists where one asserting the right to use another's property has used the property in an open, visible, continuous, and hostile manner for a period of ten years. *Brown v. Ware,* 129 Ariz. 249, 251, 630 P.2d 545, 547 (App.1981) (use of a road as ingress and egress to a home/business establishment for the requisite period creates a prescriptive easement).

Similarly, A.R.S. § 28–1861(B) provides that a landowner can lose his property rights to the public. When the road has been established by governmental action and has been continuously used by the public for an extended period, and yet the owner has failed to protect his rights against such encroachment—for example, by actions for injunctive relief, inverse condemnation or trespass—then the owner has lost his right to exclusive use of that part of the land. Once lost or extinguished, the owner's "rights" cannot be "taken"; therefore no compensation is required. *See Pacific Gas & Elec. Co. v. Hacienda Mobile Home Park,* 45 Cal.App.3d 519, 119 Cal. Rptr. 559, 566 (1975); 2 NICHOLS' THE LAW OF EMINENT DOMAIN § 5.01[3] (Julius L. Sackman, Patrick J. Rohan, eds., rev. 3d ed. 1990).

Although the Gotlands argue that Cave Creek "took" their property in 1988 when the town declared Grapevine Road to be a public highway and removed the Gotlands' gates, it appears that the ownership rights to the road may have been lost long before then. The town manager testified at the hearing that land survey plans dating from approximately 1970 show that Grapevine Road crossed the Gotlands' property and that statements by area residents confirmed the existence and use of this road. A.R.S. § 28–1861(B) requires that in order for a road to become a public highway, it had to have been laid out and maintained for ten years or more prior to 1960 and to have been used by the public for at least ten years as a public thoroughfare. Therefore, the private ownership rights in the road may have been lost even before the Gotlands acquired the land.

The Gotlands cite several cases for the proposition that Arizona common law does not allow the creation of a highway by prescription. However, all of these cases predate A.R.S. § 28–1861(B), which was added by 1974 Ariz.Sess.Laws ch. 183, § 2. Regardless of whether the common law recognized such a doctrine, the Legislature has created it by statute. More importantly, none of these cases casts any light on whether the creation of a public highway by prescription would be unconstitutional.

The Gotlands assert that Division Two of this court has held a similar statute, A.R.S. § 28–1862(A), unconstitutional. That statute reads:

All highways constructed, laid out, opened or established prior to August 12, 1927 as public highways by the territory or state, or by a board of supervisors or legal subdivision of the state, and which have been used continuously by the public as thoroughfares for free travel and passage for two years or more, regardless of any error, defect or omission in the proceeding to establish the highways, or in recording of the proceedings, and all highways established pursuant to law, are declared public highways sixty-six feet wide, unless the width thereof is otherwise specified.

The city of Tucson relied upon the above statute in *City of Tucson v. Morgan,* 13 Ariz.App. 193, 475 P.2d 285 (1970). In 1966, the city sought to quiet title to an 80–foot wide right-of-way it claimed had been condemned in 1926. However, a road with a 60–foot right-of-way had been built, and the 80–foot right-of-way would run through the houses now lining the street. The court held that the city could not rely on A.R.S. § 28–1862(A) to take title to the full 80–foot wide strip. The city had never acquired title to the additional 20 feet by condemnation. Nor had the owners' rights been lost by public use as a roadway. The disputed area had always been part of the homeowners' residential lots; it had never been part of the public thoroughfare. *Mor-*

*gan* thus does not directly address the situation involved here.

Because no compensation is required to an owner for non-existent rights, we hold that A.R.S. § 28–1862(B) is constitutional. The statute violates neither Article 2, § 17 of the Arizona Constitution nor the due process clause of the Fourteenth Amendment to the United States Constitution.

 As a consequence of this holding, we further find error with the superior court's determination that Cave Creek has an adequate legal remedy through eminent domain. Article 2, § 17 of the Arizona Constitution requires that the government pay just compensation before taking private property for public use. For there to be a "taking" under the Arizona Constitution, however, there must be an owner of *private* property. Ariz. Const. Art. 2, § 17. We have held that if the statutory requirements are met, the Gotlands do not own Grapevine Road. Bringing a condemnation action and paying compensation is not an "adequate" legal remedy when the government is not obligated to pay any compensation.

In this case, although the Gotlands stipulated to the facts necessary to establish all of the elements of A.R.S. § 28–1861(B), their stipulation was limited to their motion for summary judgment. Because they are entitled to litigate whether the statutory prerequisites have been met, we need go no further than to state the obvious: if the trier of fact finds upon the evidence that Grapevine Road was established at least ten years prior to 1960 and was used continuously by the public as a thoroughfare for ten years, the Gotlands are not entitled to compensation for the property because they do not own it. If the trier of fact makes such a finding, then eminent domain is not an adequate remedy because there is no need to pay compensation to a private person for land already in the public domain.

For the foregoing reasons, we reverse and remand this case to the trial court for proceedings consistent with our holding that A.R.S. § 28–1861(B) is constitutional.

GERBER, P.J., and KLEINSCHMIDT, J., concur.