858 P.2d 1217

**Alan C. GOTLAND and Janet L. Gotland, husband and wife, Plaintiffs–Appellees,**

v.

**TOWN OF CAVE CREEK, Defendant–Appellant.**

**No. CV–92–0038–PR.**

Supreme Court of Arizona, En Banc.

Sept. 2, 1993.

Dioguardi, Poli & Ball, Ltd. by James B. Ball, Phoenix, for plaintiffs-appellees.

Faith, Ledyard & Dagilis by David E. Ledyard, Avondale, for defendant-appellant.

Grant Woods, Atty. Gen. by Robert J. Sokol, Asst. Atty. Gen., Phoenix, for amicus curiae State of Ariz.

Shelley & Bethea by J. LaMar Shelley, Mesa, for amicus curiae League of Arizona Cities and Towns.

## OPINION

MOELLER, Vice Chief Justice.

### FACTS AND PROCEDURAL HISTORY

At issue in this case is ownership of a purported road running across the Gotlands' property in Cave Creek, Arizona. The Gotlands purchased the property in 1984. At that time, gates erected by a previous owner blocked access to the road on both the east and west boundaries of the property, which was then in unincorporated Maricopa County. In 1986, the Gotland property became part of the Town of Cave Creek. In 1988, Cave Creek passed a resolution declaring the land a public roadway pursuant to A.R.S. § 28–1861(B).[1] Following this declaration, the town removed the gates and graded the "roadway."

---

1. § 28–1861(B), enacted in 1973, effective July 1, 1974, provides:

    All highways, roads or streets which have been constructed, laid out, opened, established or maintained for ten years or more by the state or any agency or legal subdivision of the state prior to January 1, 1960, and which have been used continuously by the public as thoroughfares for free travel and passage for ten years or more, regardless of any error, defect, or omission in the proceeding or failure to act to establish such highways, roads or street, or in recording of the proceedings, and all such highways, roads or streets are declared public highways.

    Laws 1973, ch. 146, § 69.

The Gotlands filed suit in inverse condemnation in Maricopa County Superior Court and sought summary judgment declaring § 28–1861(B) unconstitutional. Cave Creek filed a cross-motion for summary judgment urging the constitutionality of § 28–1861(B). The trial court, ruling that the statute effected an unconstitutional taking without just compensation, granted the Gotland's motion. The Gotlands then reinstalled gates on the "roadway." Cave Creek sought an injunction, but the trial court, relying on the predecessor judge's ruling that. A.R.S. § 28–1861(B) was unconstitutional, denied the town's request.

Cave Creek appealed, and the court of appeals held that A.R.S. § 28–1861(B) was constitutional. *Gotland v. Town of Cave Creek*, 172 Ariz. 397, 400–02, 837 P.2d 1132, 1135–37 (App.1991). The court of appeals stated that "[t]he statute does not necessarily preclude the property owner from obtaining compensation for his property; it merely defines a situation in which the property owner has lost his property rights by failing to preserve them from public use." *Id.* at 400, 837 P.2d at 1135. Based on this ruling, the court of appeals held that the Gotlands' predecessors might have lost their rights in the roadway under § 28–1861(B) long before the Gotlands acquired the land in 1984. *Id.* at 401, 837 P.2d at 1136. The court of appeals remanded to the trial court to determine whether Cave Creek was entitled to injunctive relief. *Id.* at 402, 837 P.2d at 1137.

Throughout this litigation, the parties have stipulated, for purposes of determining the constitutionality of the statute, that the factual predicates of A.R.S. § 28–1861(B) have been met. We granted Gotlands' petition for review to resolve important statewide issues concerning the proper interpretation of § 28–1861(B). We have jurisdiction pursuant to Ariz. Const. art. 6,

§ 5(3) and A.R.S. § 12–120.24. In the meantime, we also accepted special action jurisdiction in *State ex rel. Miller v. Dawson*, 175 Ariz. 610, 858 P.2d 1213, which presents one of the same issues. We consolidated the cases for oral argument and resolve each of them today by separate opinion.

## ISSUE

Whether A.R.S. § 28–1861(B), properly construed, is a curative statute such as its predecessor and companion statute, § 28–1862, or whether § 28–1861(B) transfers to the state title to land that was used for roadways for specified periods beginning before January 1, 1960.

## DISCUSSION

We are today filing our opinion in *State ex rel. Miller v. Dawson*, 175 Ariz. 610, 858 P.2d 1213. In that case, we held that A.R.S. § 28–1861(B) is a curative statute that does not overrule the Arizona common law prohibition against the creation of public highways by prescription. In doing so, we also necessarily disagree with the trial court's ruling in this case that § 28–1861(B) is unconstitutional. In accordance with our opinion in *Dawson*, the court of appeals' decision in this case is vacated. This case is remanded to the trial court for further proceedings in accordance with this opinion and the opinion in *State ex rel. Miller v. Dawson*, 175 Ariz. 610, 858 P.2d 1213.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.